UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

UNITED STATES OF AMERICA,
ex rel. TYREL MENDELSON-CURRY

    **Plaintiff,**

v.                                       CASE NO. 08:18-cv-01792-T-36-CPT

**JACOBS TECHNOLOGY, INC.** and
**JACOBS ENGINEERING GROUP INC.,**    FILED IN CAMERA
                                                UNDER SEAL

    **Defendants.**
_____/

## COMPLAINT UNDER THE FALSE CLAIMS ACT
## AND JURY TRIAL DEMAND

**I.**

### INTRODUCTION

1.    This is an action brought by Relator, Tyrel Mendelson-Curry, on behalf of the United States of America, to recover damages and civil penalties against Jacobs Technology, Inc., and Jacobs Engineering Group Inc., (collectively "Defendants" or "Jacobs") pursuant to the Federal Civil False Claims Act, Title 31 U.S.C. § 3729 et seq., ("FCA").

2.    Relator's qui tam action alleges that Defendants have placed the security of the United States at risk by failing to properly check the background of hundreds of employees who are providing services to the United States military.

3.    The FCA provides that any person who submits a false claim to the government is liable for a civil penalty of between $5,500 and $11,000 for each such claim, and three times the amount of the damages sustained by the government. The Act permits persons having information regarding a false or fraudulent claim against the government to bring an action on behalf of the

government and to share in any recovery. Pursuant to 31 U.S.C. § 3730(b)(2), this complaint must be filed in camera and under seal, without service on the defendants. The complaint remains under seal while the government conducts an investigation of the allegations in the complaint and determines whether to join the action.

## II.

## JURISDICTION AND VENUE

4. This action arises under the False Claims Act, 31 U.S.C. § 3729 et seq. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 31 U.S.C. § 3730, and 28 U.S.C. § 1345.

5. This Court has personal jurisdiction over Defendants pursuant to 31 U.S.C. § 3732(a), which authorizes nationwide service of process. Defendants can be found in, reside in, or have transacted business in the Middle District of Florida, Tampa Division.

6. Venue is proper in this District pursuant to 31 U.S.C. § 3732(a) because Defendants can be found in, reside in, or have transacted business in the Middle District of Florida, and many of the alleged acts occurred in this District.

7. No allegation set forth in this Complaint is based on a public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or General Accounting Office report, hearing audit, or investigation, or from the news media.

## III.

## **THE PARTIES**

8. Relator Tyrel Mendelson-Curry began his employment with Jacobs on or about January 16, 2018 as a human resources generalist. Relator is a proud U. S. Air Force veteran who occupied a number of senior positions with the Air Force prior to his retirement.

9. Defendant Jacobs Technology, Inc. is the advanced technology arm of Jacobs Engineering Group Inc., one of the nation's largest engineering and technical services-only companies.

## IV.

## **FACTUAL ALLEGATIONS**

10. The U.S. Special Operations Command (USSOCOM) is responsible for organizing, training, equipping, and employing all U.S. Special Operations Forces.

11. USSOCOM, headquartered at MacDill Air Force Base in Tampa, FL, and comprised of a headquarters, four Components (U.S. Army Special Operations Command; Naval Special Warfare Command; Air Force Special Operations Command and Marine Corps Special Operations Command) a sub-unified command (Joint Special Operations Command), and Theater Special Operations Commands (TSOCs).

12. USSOCOM issued a request for proposals (RFP) No. H92222-16-R0016 for special operations forces information technology enterprise contract requirements, known as SITEC II.

13. The objective of SITEC II is to provide information technology services for global Special Operations Forces.

14. Jacobs was a successful bidder on the SITEC II contract.

15. As part of the SITEC II contract, Jacobs is required to hire thousands of employees.

16. The vast majority of these employees are performing duties that require secret or higher-level security clearances.

17. As a function of their employment with Jacobs, these employees are provided with access to the nation's secrets associated with the operations of all U.S. Special Operations Forces.

18. Jacobs, like all employers, must complete and retain a Form I-9, Employment Eligibility Verification form, for every person they hire as required by the Immigration and Nationality Act (INA), as amended by the Immigration Reform and Control Act of 1986 (IRCA), the Immigration Act of 1990 and the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) of 1996.

19. In addition, these employees of Jacobs are required to complete drug tests and background screenings.

20. These steps are not mere formalities but rather required to ensure that these employees can be trusted with the nation's secrets.

21. Despite the clear requirements of the INA, the Federal Acquisition Regulations, the Defense Acquisition Regulations System, and the Mandatory Guidelines for Federal Workplace Drug Testing Programs, Jacobs is not requiring employees to complete I-9s, submit to drug tests or complete background screenings.

22. Among Relator's responsibilities as a human resources generalist for Jacobs is seeking to ensure that managers require employees to complete I-9s, submit to drug tests and complete background screenings.

23. As a direct result of his employment as human resources generalist, Relator has personal knowledge of hundreds of employees who have been performing services for more than

90 days who have not completed the required I-9s, submitted to drug tests or completed background screenings.

24. Relator has addressed the fact that these employees should not be working on the SITEC II contract with members of Jacobs management who have failed to take sufficient action to address the issue.

25. As a direct result of his employment as human resources generalist with Defendant, Relator is aware that Defendant is billing millions of dollars each year for services provided by individuals who are not appropriately cleared to provide the services.

26. As a direct result of his employment as human resources generalist with Defendant, Relator is aware that Defendant is billing millions of dollars each year for services provided by individuals who are not lawfully permitted to provide those services.

## COUNT ONE

### Violation of False Claims Act, 31 U.S.C. § 3729(a)

27. Relator re-alleges and incorporates by reference the allegations of paragraphs 1-26 of this complaint.

28. This count sets forth claims for treble damages and forfeitures under the federal False Claims Act, 31 U.S.C. §§ 3729-3732, as amended.

29. As described above, Defendants have submitted fraudulent claims for payment for services rendered by individuals who are not authorized to perform those services.

30. Defendants have knowingly violated:

    (a)    31 U.S.C. § 3729(a)(1) by knowingly presenting, or causing to be presented, to an officer or employee of the United States Government or a member of the

Armed Forces of the United States a false or fraudulent claim for payment or approval and/or

(b)  31 U.S.C. § 3729(a)(2) by knowingly making, using, or causing to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government.

31. The term "claim" means any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property, that—

(i) is presented to an officer, employee, or agent of the United States; or

(ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest, and if the United States Government—

(I) provides or has provided any portion of the money or property requested or demanded; or

(II) will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded.

32. By reason of Defendants' false claims, the United States has been damaged and continues to be damaged.

WHEREFORE, Relator requests that judgment be entered against Defendants, ordering that:

a. Defendants pay an amount equal to three times the amount of damages the United States has sustained because of Defendants' actions, plus a civil penalty against

   Defendants of not less than $5,500, and not more than $11,000 for each violation of 31 U.S.C. § 3729;

b.  Relator be awarded the maximum amount allowed pursuant to 31 U.S.C. § 3730(d);

c.  Defendants cease and desist from violating the False Claims Act, 31 U.S.C. § 3729 et seq.;

d.  Relator be awarded all costs of this action, including attorneys' fees, expenses, and costs pursuant to 31 U.S.C. § 3730(d); and

e.  Relator be awarded all relief necessary to make him whole, including but not limited to reinstatement with the same seniority status or front pay instead of reinstatement, two times the amount of back pay, compensation for special damages, including litigation costs and reasonable attorneys' fees, and

f.  The United States and Relator be granted all such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

A jury trial is requested in this cause.

Respectfully submitted,

/Ryan D. Barack, B.C.S. (L&E)
Florida Bar No. 0148430
Primary: rbarack@employeerights.com
Secondary: jackie@employeerights.com
**Michelle Erin Nadeau, B.C.S. (L&E)**
Florida Bar No. 0060396
Primary: mnadeau@employeerights.com
Secondary: jackie@employeerights.com
**Kwall Barack Nadeau PLLC**
304 S. Belcher Rd., Suite C
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Relator